PIERCE v. C. H. BIDWELL THRESHER CO.

1. NEGLIGENCE—PERSONAL INJURIES—MANUFACTURER'S LIABILITY
—DEFECTIVE CONSTRUCTION—WORDS AND PHRASES.

In an action for personal injuries resulting from the breaking
in of the deck of a bean thresher, a charge that the plaintiff
must show that the decking was so constructed as to be im-
minently dangerous to life and limb, was proper when read
in connection with the rest of the charge which defined it as
a danger which cannot be guarded against and must be in-
stantly met.

2. SAME—WEIGHT OF EVIDENCE.

Refusal to grant a new trial was justified where the plaintiff's
testimony as to the manner in which the accident occurred
was in conflict with defendant's claim concerning the con-
struction of the machine, and was not contradicted by any
oral testimony.

3. SAME—IMPLIED KNOWLEDGE OF DEFECT.

The question of the manufacturer's knowledge of the defective
construction, having been held on a former appeal to be for
the jury, is concluded. Pierce v. Bidwell Thresher Co., 153
Mich. 323.

4. TRIAL—PREJUDICIAL ARGUMENT.

Argument by plaintiff's attorney that there were at least six
witnesses who might have been summoned to testify con-
cerning the manner in which the accident occurred, if de-
fendant desired to put that question in issue, was not rever-
sible error where there were several persons about at the
time of the injury who were not sworn as witnesses.

Error to Eaton; Smith, J. Submitted June 22, 1909.
(Docket No. 66.) Decided October 4, 1909.

Case by Loren D. Pierce against the C. H. Bidwell
Thresher Company for personal injuries. A judgment
for plaintiff is reviewed by defendant on writ of error.
Affirmed.

*Thomas, Cummins & Nichols*, for appellant.

*Frank A. Dean, Ernest G. Davids*, and *Huggett & McPeek*, for appellee.

McAlvay, J.   In an action for damages for personal injuries suffered by plaintiff by breaking through the deck of a bean threshing machine manufactured by defendant company, plaintiff recovered a judgment.   The case was before this court for review after a former trial.   It is reported (*Pierce* v. *Bidwell Thresher Co.*) 153 Mich. 323 (116 N. W. 1104).   Comparing the record now under consideration with that before the court in the former case, we find that a restatement of the facts will not be necessary and refer to the statement in the opinion reported.   It is claimed by appellant in its brief that—

" There is in the present record a great deal of evidence bearing upon the vital questions involved in the case which was not in the former; and some of the questions here raised are raised with a view of the different aspect given the case by this evidence.   There is also evidence which we claim shows that the accident could not have happened in the manner alleged."

A motion for a new trial on the ground that the verdict was against the clear weight of the evidence was denied, and error is assigned upon such denial.

1. The first assignment of error relied upon by defendant is to the charge of the court with reference to the meaning of "imminently dangerous," contained in the following paragraph:

"I am going to say to you that in my mind imminent danger is such as must be instantly met, and cannot be guarded against by calling on others for assistance."

The instructions to the jury connected with the question of the imminently dangerous character of the structure, and the responsibility resting upon a manufacturer who places machinery so constructed upon the market, in connection with which the sentence objected to was given, can be understood only by considering all that was said

upon the subject. In addition to the portion of the charge given on this subject and printed and approved in the former opinion, to which reference is had, the court said:

"And I further instruct you that, in order to recover, plaintiff must satisfy you by a preponderance of all the proof that the decking as constructed was imminently dangerous to life or limb to those operating the machine, and that the defendant, its officers, or agents knew that it was so imminently dangerous. And in that connection I say to you that, if you find this decking or structure as constructed was inherently imminently dangerous to life or limb, defendant's knowledge of the same may be implied from the fact that it was the manufacturer of the machine, and had knowledge of the manner of its construction, and of the uses to which the machine was to be subjected. Now, gentlemen, there has been something said here that I would say to you about this term 'imminent danger.' I am going to say this to you that, in my judgment, imminent danger is such danger as must be instantly met, and cannot be guarded against by calling on others for assistance. If you can get from that instruction and from that definition, 'imminent danger,' that is what I understand it to be, is such danger as must be instantly met, and cannot be guarded against by calling on others for assistance. That is the kind of danger that parties must be subjected to, to be in imminent danger, under the claim of the plaintiff in this case."

We need not state that the rule is settled that, to ascertain the true meaning of a charge given, the foregoing is the correct method. The meaning of the court in this charge cannot be mistaken, and could not have misled the jury. He used the ordinary definition of the words "imminent danger," as approved in several cases, and added:

"That is the kind of danger that parties must be subjected to, to be in imminent danger, under the claim of the plaintiff in this case."

Which indicated that the danger might be impending, and did not mean an instant consummation. *The Queen of the Pacific*, 25 Fed. 612.

2. In arguing its contention that the verdict was against the clear weight of the evidence, defendant assumes that

the injury did not occur to plaintiff in the manner testified to by him, and it relies upon the evidence of the structure itself.   There is no oral testimony in the case contradicting plaintiff's statement.   The structure of the decking and the distance of the revolving cylinder from it must then be found by the court to entirely remove plaintiff's testimony from consideration.   This would be an unusual disposition of a question of fact apparently disputed.   We think that the record does not warrant a holding that plaintiff's testimony should be ignored.   It was a question of fact for the jury to find how plaintiff was injured. The second and third reasons advanced and argued at length as to whether the verdict was against the weight of the evidence were passed upon in the former opinion. The questions as to whether the structure, built as it was, to be used for the purposes known to the manufacturer, was one imminently dangerous to human life and limb, even in the absence of expert testimony to show such dangerous character, and whether the manufacturer had a full appreciation of the danger, were held to be questions of fact for the jury.   The same charge was given to the jury on both trials upon these questions.   We find nothing in the record before us which changes the situation. That decision controls this case in this respect.   Nothing can be said to make what the court there decided more obvious.   Our view that the verdict was not against the clear weight of the evidence is decisive of the error assigned to the refusal to grant a new trial.

3. The language of the charge covered by this assignment of error is admittedly in the exact language used on the former trial.   It refers to the first paragraph quoted in this opinion relative to the statement that defendant's knowledge might be implied.   The question was decided in the former opinion.

4. Defendant argues that the argument of counsel for plaintiff was prejudicial to it in saying:

" There were at least half a dozen eyewitnesses to the accident who might have been subpœnaed by the defense

if they intended to raise any question about how the accident occurred."

This was excepted to on the ground that the record did. not show how many eyewitnesses there were. Counsel. denied the statement, and said the jury would remember how many eyewitnesses there were; that, if he was wrong about it, the stenographer could take the statement,. "But there was Brock and Carpenter on the stack." It appears that Carpenter was sworn as an eyewitness; that Brock was with Carpenter on the stack and was not sworn, and there were five or six men about there at the time. The statement as to the number of eyewitnesses was an extravagant one, but from counsel's statement, made immediately, it is apparent that it was no more than an extravagance. We do not consider this conduct sufficiently prejudicial to warrant a reversal of the case on that ground alone.

The judgment is affirmed.

HOOKER, MOORE, and BROOKE, JJ., concurred with McALVAY, J.

OSTRANDER, J. A stronger case is made for defendant upon the question of the defendant's knowledge of the alleged defective condition of the deck than was made when the case was here before. Nevertheless I think the point was for the jury.